UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-21871-RS

**BRADLEY C. BIRKENFELD,**

    Plaintiff,

v.

**LEONARD A. LAUDER** and
**KEVIN M. COSTNER,**

    Defendants.

_____

### DEFENDANT KEVIN M. COSTNER'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COMPLAINT OR IN ALTERATIVE, TRANSFER THE CASE

Defendant, Kevin M. Costner replies as follows to Plaintiff, Bradley C. Birkenfeld's Opposition (D.E. 52) (the "Opposition" or "Opp.") to Defendant Kevin M. Costner's Motion to Dismiss or in the Alternative Transfer the Case (D.E. 39):

### INTRODUCTION

Birkenfeld's Opposition does nothing to refute the arguments raised in Mr. Costner's Motion, which demonstrated precisely why there was no jurisdictional basis for filing this action against Mr. Costner in Florida in the first place. To the contrary, the Opposition only underscores the fundamental reasons why Florida *lacks* personal jurisdictional over Mr. Costner.

First and foremost, Birkenfeld fails to provide any credible or admissible evidence whatsoever linking Mr. Costner to Florida for the purpose of establishing minimum contacts. Indeed, while Mr. Costner has provided a ***detailed sworn recitation*** of facts establishing that he has no meaningful contacts with Florida, Birkenfeld simply contends – in an inadmissible

1

affidavit[1] – that Mr. Costner allegedly engaged in *unspecified* movie shoots and musical performances that purportedly took place in Florida. Since Birkenfeld cannot point to even one *specific* instance of conduct by Mr. Costner in Florida, he has effectively conceded Mr. Costner's position regarding the lack of jurisdiction.

Second, while Birkenfeld contends that jurisdiction is proper because Mr. Costner's attorneys sent him a companion demand letter while he was in Florida on the same day they sent a nearly identical demand letter to his publisher in Texas, he fails to explain how the companion letter has any material bearing on the allegations in his Complaint. To the contrary, Birkenfeld only purports to have been damaged by the letter that Mr. Costner's attorneys sent to his publisher in Texas, which is the letter that caused the publisher to take allegedly adverse actions in Texas.

Finally, Birkenfeld's half-hearted attempt to refute the grounds for transfer under 28 U.S.C. § 1404(a) is unsupported by any specific facts demonstrating a nexus between Florida and any relevant witnesses or information. Indeed, Birkenfeld does not even dispute that Mr. Costner and all of his representatives – who are obviously best equipped to attest to Mr. Costner's financial conduct – are located in California.

While Birkenfeld's Opposition goes to great lengths to reiterate his frivolous claims against Mr. Costner, and even goes so far as to cast aspersions on Mr. Costner and his counsel, such red herrings do not mask the fact that he has failed to provide any legal or factual basis for this Court to assert jurisdiction over Mr. Costner.

---

[1] Mr. Costner has filed evidentiary objections to Birkenfeld's affidavit.

**ARGUMENT**

I. **BIRKENFELD HAS PROVIDED NO CREDIBLE OR ADMISSIBLE EVIDENCE DEMONSTRATING THAT MR. COSTNER HAS ANY MINIMUM CONTACTS WITH FLORIDA**

Mr. Costner's sworn Declaration in support of his Motion establishes in great detail that Mr. Costner has no meaningful contacts with Florida whatsoever. As set forth in his Declaration:

- Mr. Costner is not domiciled in Florida. Costner Decl., ¶ 2 (D.E. 39).

- Mr. Costner has "never owned or leased property in Florida." *Id.* at ¶ 5.

- Mr. Costner has "never had a Florida mailing address or Florida telephone number." *Id.* at ¶ 6.

- Mr. Costner has "never filed a lawsuit in Florida or otherwise availed [himself] of the Florida court system." *Id.* at ¶ 7.

- Mr. Costner has "never filed state income taxes in Florida." *Id.* at ¶ 8.

- Mr. Costner has "never been registered to vote in Florida." *Id.* at ¶ 9.

- Mr. Costner has "never owned any Florida-based businesses." *Id.* at ¶ 10.

Critically, Birkenfeld does not offer any actual <u>evidence</u> to rebut these detailed statements by Mr. Costner. Instead, Birkenfeld simply relies upon his own wholly conclusory statement (in his Affidavit filed in support of the Opposition) claiming that "Kevin M. Costner has filmed movies in the State of Florida and often visits to perform as a musician in the State of Florida, as well as pursuant to his other business interests relating to the Gulf of Mexico and the Florida Coast." Birkenfeld Aff. (D.E. 52-1) ¶ 21. Of course, this single sentence is not credible evidence of Mr. Costner's purported minimum contacts. Indeed, not only does the statement lack foundation, but it lacks any factual detail to support its conclusions. Most notably,

Birkenfeld does not identify even a single movie that Mr. Costner allegedly filmed in Florida or even a single musical performance allegedly rendered in the state. Nor does he provide any detail regarding the purported "business interests" that Mr. Costner allegedly has in the Gulf of Mexico or the Florida Coast.

Birkenfeld's conclusory statement about Mr. Costner's purported contacts with Florida provides a stark contrast to the purported jurisdictional facts Birkenfeld was able to set forth in his Opposition to co-defendant Leonard Lauder's Motion to Dismiss. Birkenfeld's affidavit in opposition to Mr. Lauder's motion contained a litany of purported facts about Lauder's contacts with Florida, including that Mr. Lauder (1) owns a residence in South Florida, (2) is the principal of a registered Florida business entity, and (3) visits and conducts business in the South Florida offices of the Estee Lauder Companies, Inc. *See* Birkenfeld Affidavit in Opp. to Lauder Mot. to Dismiss (D.E. 51-1). Indeed, Birkenfeld even claims to have met Mr. Lauder in Florida for business purposes. *See* Birkenfeld Opp. to Lauder's Mot. to Dismiss, at 9-10 (D.E. 51). Regardless of whether these purported facts have any truth, they nevertheless demonstrate that Birkenfeld knows how to set forth <u>specific details</u> of a defendant's purported minimum contacts when he wants to. Such details are notably absent from his affidavit in opposition to Mr. Costner's motion, thus evidencing that Birkenfeld does not have any specific factual basis to allege jurisdiction over Mr. Costner.

Simply put, Birkenfeld's one sentence attempt to describe Mr. Costner's purported contacts with Florida is unspecific, unrelated to his causes of action, and without any foundation Birkenfeld's conclusory statement cannot (and does not) rebut Mr. Costner's detailed declaration in support of his Motion. *See United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1277 (11th

Cir. 2009) ("[w]e consider[] only those portions of the affidavit that set forth <u>specific factual declarations within the affiant's personal knowledge</u>.") (emphasis added).[2]

**II.   BIRKENFELD'S PURPORTED INJURY ARISES ENTIRELY FROM THE SEPTEMBER 27, 2016 LETTER THAT MR. COSTNER'S ATTORNEYS SENT TO BIRKENFELD'S PUBLISHER IN TEXAS, <u>NOT</u> THE COMPANION LETTER SENT TO BIRKENFELD IN FLORIDA.**

Birkenfeld's Complaint alleges three causes of action against Mr. Costner, all of which purportedly arise from a September 27, 2016 letter that Mr. Costner's lawyers sent from California to Birkenfeld's book publisher <u>in Texas</u>. Indeed, the entire thrust of Birkenfeld's Complaint—and asserted damages—is that the September 27 letter directed to Greenleaf Group Book Press (<u>in Texas</u>) caused Greenleaf (in Texas) to remove the references to Mr. Costner in Birkenfeld's tell-all tale, *Lucifer's Banker*. *See* D.E. 1 ("Compl.") at ¶ 43 ("Greenleaf capitulated to Defendant COSTNER's interference and the *Lucifer's Banker* manuscript was accordingly altered under duress").

In his Opposition, Birkenfeld argues that personal jurisdiction exists in Florida because Mr. Costner's lawyers also sent a <u>companion letter</u> to Birkenfeld on the same day their allegedly harmful letter was sent to Greenleaf in Texas. *See also* Compl. at ¶ 27 ("In a companion letter dated September 27, 2016, Defendant COSTNER again falsely and fraudulently asserted that Defendant COSTNER 'has never had an account with UBS, nor had any other offshore bank account of any kind.'"). However, nowhere in his Complaint or Opposition does Birkenfeld identify any injury he suffered as a result of that companion letter. Rather, Birkenfeld's <u>only</u> alleged damage was purportedly caused when Greenleaf, <u>in Texas</u>, responded to the letter it

---

[2] The Opposition also contends—this time without even feigning the existence of evidentiary support—that Mr. Costner enjoyed "the full panoply of Florida's state and municipal services, including police, fire, roads, airports, hospitals, and courts." (D.E. 52 at 2). Again, these are entirely unfounded, conclusory statements and nothing more.

5

received in Texas by removing certain references to Mr. Costner in *Lucifer's Banker*. Therefore, the only letter relevant to the issue of personal jurisdiction is the letter sent to Greenleaf in Texas. That letter, which was sent from California to Texas, cannot serve as the basis for personal jurisdiction over Mr. Costner in Florida.

Similarly, the mere fact that Birkenfeld claims to have suffered injury in Florida does not create jurisdiction over Mr. Costner. Birkenfeld relies on a self-serving interpretation of the Supreme Court's decision in *Calder v. Jones*, 468 U.S. 783 (1984), arguing that his purported injury in Florida is sufficient to confer jurisdiction over Costner. However, the Supreme Court's own subsequent explanation of its *Calder* decision indicates to the contrary. In *Walden v. Fiore*, 571 U.S. 277 (2014), the Supreme Court explained that its *Calder* decision did not—as Birkenfeld argues—find that there was jurisdiction in California because the plaintiff happened to suffer the alleged injury there. Rather, the Court explained that it found jurisdiction in California appropriate because the events causing the injury occurred there. *Walden*, 571 U.S. at 288.

More specifically, "[t]he crux of *Calder*" is that the plaintiff suffered harm because the alleged scandalous story written by the defendants for publication in California caused "injury to plaintiff's reputation in the estimation of the California public"—who read the story. *Id*. at 287. And, this "effect" caused by the defendants' article was what "connected the defendants to *California*, not just to a plaintiff who lived there." *Id*. at 288 (emphasis in original). As the Court explained, when intentional torts are involved, it is "insufficient to rely on a defendant's 'random, fortuitous, or attenuated contacts' or on the 'unilateral activity' of a plaintiff. A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on

6

intentional conduct by the defendant that creates the necessary contacts with the forum." *Id.* at 286 (citing *Calder*, 465 U.S. 783).

Here, since the "effect" of Mr. Costner's conduct—Greenleaf's removal of the references to Mr. Costner in *Lucifer's Banker*—occurred in Texas, not Florida, and the only possible connection to Florida is the hypothetical harm to Birkenfeld, the Supreme Court's *Calder* and *Walden* decisions dictate that it would be inappropriate for this Court to exercise jurisdiction over Mr. Costner.

Birkenfeld has not even come close to meeting his burden of providing admissible evidence supporting jurisdiction over Mr. Costner. *United Technologies Corp.*, 556 F.3d at 1277. Mr. Costner's Motion to Dismiss should therefore be granted.

### III. BIRKENFELD OFFERS NO SWORN FACTS OR REASONABLE ARGUMENTS IN OPPOSITION TO MR. COSTNER'S § 1404 TRANSFER REQUEST

If the Court does not dismiss the claims against Mr. Costner outright, the case against Mr. Costner should be transferred to California. Birkenfeld does not offer any facts or legal argument that alters the analysis of the § 1404 transfer factors outlined in the Motion to Dismiss.

Birkenfeld's argument opposing a § 1404 transfer to California is based entirely on conclusory assertions that witnesses and information are purportedly located in "Switzerland, Washington, D.C. and Florida." Yet, Birkenfeld does not identify even a single potential witness or piece of information that is located in Florida.

Most importantly, Birkenfeld does not dispute that Mr. Costner and Mr. Costner's business representatives and Mr. Costner's legal representatives – *i.e.*, the witnesses most well equipped to testify about whether or not Mr. Costner actually had an account with UBS or any offshore bank account – are all located in California. Indeed, the very September 27, 2016 letter

that Birkenfeld is relying upon to state his frivolous claims against Mr. Costner was sent by Mr. Costner's lawyers <u>in California</u>.

Birkenfeld similarly fails to support his conclusory assertion that the locus of operative facts is not in California, but rather "in Florida, Switzerland or Washington, D.C.," when Mr. Costner's residence <u>in California</u> during the relevant time make it an obvious location central to this case.

In sum, Birkenfeld's Opposition does nothing to rebut Mr. Costner's alternative request for transfer to the Central District of California.

## **CONCLUSION**

For the reasons set forth above and in his Motion to Dismiss, Defendant Kevin M. Costner respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety; or, in the alternative, transfer this matter to the United States District Court for the Central District of California.

Date: August 19, 2019

Respectfully submitted,

                                                   */s/ Scott N. Wagner*
Scott N. Wagner
Fla. Bar. No.: 51662
Ilana Drescher
Fla. Bar. No.: 1009124
**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
1450 Brickell Ave., Suite 2300
Miami, Florida 33131-3456
Telephone:  305-374-7580
Facsimile:  305-374-7593
Email: swagner@bilzin.com
Email: idrescher@bilzin.com

>Martin D. Singer, Esquire (*pro hac vice*)
>Lynda B. Goldman, Esquire (*pro hac vice*)
>David B. Jonelis, Esquire (*pro hac vice*)
>Lavely & Singer P.C.
>2049 Century Park East, Suite 2400
>Los Angeles, CA 90067-2906
>Tele: (310) 577-3177
>Email: *mdsinger@lavelysinger.com; lgoldman
>@lavelysinger.com; and, djonelis@lavelysinger.com*
>
>*Attorneys for Kevin M. Costner*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

>*/s/ Scott N. Wagner*
>Scott N. Wagner