IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**BRADLEY C. BIRKENFELD**,

    Plaintiff,

v.                                                                 Case No: 19-cv-21871-RS

**LEONARD A. LAUDER;** and,
**KEVIN M. COSTNER**,

    Defendants.
_____/

## MOTION AND INCORPORATED MEMORANDUM OF LAW FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY

**NOW COMES** Plaintiff BRADLEY C. BIRKENFELD ("BIRKENFELD"), by and through undersigned counsel, in support of Plaintiff's Oppositions to Defendants' Motions to Dismiss D.E. filed by Defendants LEONARD A. LAUDER ("LAUDER") and KEVIN M. COSTNER ("COSTNER"), D.E. 36 and 39, respectively, and in the alternative to an outright denial of the Motions to Dismiss and hereby moves this Court for Leave to Take Jurisdictional Discovery and in support hereof shows the Court as follows:

### I. INTRODUCTION

On July 15, 2019, LAUDER filed a Motion to Dismiss for lack of personal jurisdiction and failure to state a claim. See D.E. 36. On July 29, 2019, COSTNER filed a Motion to Dismiss for lack of personal jurisdiction and alternative Motion to Transfer. See D.E. 39. Plaintiff Birkenfeld filed his Opposition to LAUDER's Motion to Dismiss, with Affidavit, on August 8, 2019. See D.E. 51. On August 11, 2019, Plaintiff filed his Opposition to COSTNER's Motion to Dismiss, with Affidavit. See D.E. 52. Thereafter, COSTNER's Reply was filed without Affidavit on August

19, 2019, D.E. 56; and, LAUDER filed his Reply, with Affidavit, D.E. 58. All motions, opposition and reply memoranda are timely filed.

The Court has before it the Motions to Dismiss, Opposition Memoranda and Reply Memoranda and accompanying Affidavits. Plaintiff submits that the existing record establishes personal jurisdiction over both Defendants LAUDER and COSTNER under the Florida Long Arm Statute, Fla. Stat. § 48.193 (2018) and the two-step process required of federal courts sitting in diversity jurisdiction cases. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

If any doubt remains after consideration of the record and court file in this cause, Plaintiff requests that, consistent with the law in this Circuit, he be allowed to conduct jurisdictional discovery before the Court rules on the Motions to Dismiss for Lack of Personal Jurisdiction.

## II.     ARGUMENT

### A.     Florida Law is Well Settled that Plaintiff is Entitled to Jurisdictional Discovery

The law of this Circuit authorizes jurisdictional discovery where there is doubt about the underlying facts regarding personal jurisdiction. "To be sure, parties have a 'qualified right to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery." *Alliant Tax Credit 31, Inc v. Murphy,* 924 F.3d 1134, 1145 (11th Cir. 2019), *quoting Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (citations omitted); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982)). . Review a district court's denial of jurisdictional discovery for abuse of discretion. *Alliant Tax Credit 31, Inc.,* 924 F.3d at 1145; *Culverhouse v. Paulson & Co.*, 813 F.3d 991, 993 (11th Cir. 2016).

The Eleventh Circuit generally allows limited jurisdictional discovery under circumstances present in this case. *See ACLU v. City of Sarasota*, 859 F. 3d 1337, 1341 (11th Cir.

2017) (internal citations omitted) ("[P]arties have a 'qualified right to jurisdictional discovery,' meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery"); *Chudsama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made."); *United Healthcare of Florida, Inc. v. American Renal Associates Holdings, Inc.*, No. 16-81180-CIV-MARRA, 2016 WL 8794534, *2 (S.D. Fla. Dec. 2, 2016) ("Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction.") (collecting cases); *Commercial Indus. Americana v. Academy Roofing & Sheet Metal of Fla., Inc.*, No. 11-60774-CIV-ZLOCH, 2012 WL 13005796, *1 (S.D. Fla. Mar. 29, 2012) ("The Court has ample authority to permit jurisdictional discovery, particularly where a motion to dismiss for lack of personal jurisdiction has been filed.").

In this case, there has been no appreciable delay in Plaintiff's request for jurisdictional discovery that should prejudice the Court against granting the request to assist resolution of the pending Rule 12(b)(2) Motions to Dismiss. This is a case where "[w]ithout jurisdictional discovery, Plaintiff cannot refute the statements made in the affidavit submitted by Defendant's legal representative concerning the corporation's lack of contacts with Florida." *Gibson v. NCL Bahamas*, No. 11-24343-CIV, 2012 WL 1952670, *3 (S.D. Fla. May 30, 2012).

    **B.**    **The Requested Jurisdictional Discovery Will Supplement the Factual Basis Supporting Personal Jurisdiction Over Defendants**

Plaintiff Birkenfeld, through proffered evidence, has shown that the exercise of personal jurisdiction against both Defendants in this case is proper. Defendants' statements to the contrary

are conclusory or evasive and short of outright denials of Plaintiff's assertions. Plaintiff cannot refute these self-serving statements absent limited jurisdictional discovery. Such discovery would include, but not be limited to, the following topics:

1. Defendants' ownership, use, possession or holding a mortgage or other lien on any real property within the State of Florida;

2. Defendants' commission of a tortious act within this state;

3. Contracts to insure persons, property, or risk located within the State of Florida;

4. Defendants' solicitation or service activities within this state during a relevant time frame;

5. Whether products, materials, or things created, produced, processed, serviced, or manufactured by the Defendant anywhere were used or consumed within the State of Florida in the ordinary course of commerce, trade, or use;

6. Whether Defendant is engaged in activity within the State of Florida;

7. The nature of Defendant's activity within Florida, whether substantial or isolated;

8. Defendants' direct or indirect ownership of real or personal or intangible property in Florida;

9. Defendants' revenues, royalties or income derived from activity in Florida or from Florida residents;

10. Defendants' electronic or digital presence in Florida;

11. Defendants' investments in Florida businesses.

12. Other factors relating to whether the exercise of jurisdiction against Defendants comports with due process.

Plaintiff cannot be faulted for declining to make specific allegations relevant to personal jurisdiction in his Complaint. Lack of personal jurisdiction is an affirmative defense and must be raised by a defendant. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 704 (1982); Fed. R. Civ. P. Rule 12(b)(2). Plaintiff's obligation to make

allegations relating to personal jurisdiction arose, therefore, only after Defendant LAUDER and Defendant COSTNER had filed their respective motions to dismiss and supporting conclusory or evasive affidavits.  Limited discovery on the jurisdictional issues raised by Defendants' is now appropriate, unless the Defendants' motions are denied at this time.

## CONCLUSION

Plaintiff BRADLEY C. BIRKENFELD has created a record sufficient to support this Court's exercise of personal jurisdiction over both Defendants LAUDER and COSTNER. The dueling Affidavits and pleadings filed by the parties should be evaluated more favorably towards Plaintiff and any conflict in the parties' affidavits or pleadings should be resolved in favor of the Plaintiff. *See Kammona v. Onteco Corp.*, 587 Fed. Appx. 575, 578 (11th Cir. 2014); *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990);  *Atlantic Lines, Ltd. v. M/V Domburgh*, 473 F. Supp. 700, 703 (S.D. Fla. 1979). A plaintiff "need not prove its case by a preponderance of the evidence in order to satisfy the forum's jurisdictional statute, but rather meet its burden by establishing a *prima facie* cause of action." *Atlantic Lines, Ltd.*, 473 F. Supp. at 703.  Plaintiff Birkenfeld has clearly satisfied this burden.

Nonetheless, Plaintiff respectfully submits that both Defendants' Motions to Dismiss should now be denied or, in the alternative, Plaintiff respectfully requests that the Court grant this Motion for Leave to Conduct Jurisdictional Discovery on the issue of personal jurisdiction and ask that seventy-five (75)  days be provided for the those purposes, with fourteen (14) additional days to file a Supplemental Memorandum of Law supporting personal jurisdiction, and fourteen (14)

days for Defendants' to file Reply Memoranda. After which the Rule 12(b)(2) Motions to Dismiss filed by both Defendant LAUDER and by Defendant COSTNER may be decided.

### STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1(c)(3)

Pursuant to Rule 7.1(c)(3) of the Local Rules for the Southern District of Florida, undersigned Plaintiff's counsel discussed this Motion with counsel for Defendant LEONARD A. LAUDER and Defendant KEVIN A. COSTNER in writing on August 29 and 30 of 2019 in an effort to resolve or narrow any areas of disagreement giving rise to this Motion and counsel for both Defendant LAUDER and Defendant COSTNER indicated Defendants oppose this Motion.

Respectfully submitted this 2nd day of September 2019.

*s/ W. Bruce DelValle*
W. Bruce DelValle
Fla. Bar No: 779962
Bruce Fein (*pro hac vice pending*)
FEIN & DELVALLE PLLC
300 New Jersey Avenue NW, Ste 900
Washington, DC  20001
Telephone: (202) 465-8729
*Email: brucedelvalle@gmail.com*
    *bruce@feinpoints.com*

**Counsel for Plaintiff Bradley C. Birkenfeld.**

### CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2019, I electronically filed the foregoing Plaintiff's Motion for Leave to Take Jurisdictional Discovery in Case No: 19-cv-21871-RS with the Clerk of the U.S. District Court for the Southern District of Florida by using the CM/ECF system, which will serve all registered CM/ECF users.

*s/ W. Bruce DelValle*
W. Bruce DelValle
Fla. Bar No: 779962