UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-21871-SMITH/LOUIS

BRADLEY C. BIRKENFELD,

    Plaintiff,

v.

LEONARD A. LAUDER and
KEVIN M. COSTNER,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court pursuant to Plaintiff's Motion for Discovery – Leave to Take Jurisdictional Discovery (ECF No. 59). Defendants Leonard Lauder and Kevin Costner each responded in opposition to the Motion (ECF Nos. 60, 62). This case is referred to the undersigned Magistrate Judge to resolve all non-dispositive pretrial motions (ECF No. 48). A hearing was conducted on the Motion on October 2, 2019. Upon consideration of the Motion, Responses, benefit of argument, and the record as a whole, Plaintiff's Motion is **GRANTED** and jurisdictional discovery is ordered to proceed, as discussed below.

    **I.**    **Procedural Background**

In this action alleging tortious interference and negligent misrepresentation by Defendants Lauder and Costner, both Defendants have moved to dismiss on the basis that the Court lacks personal jurisdiction over them (ECF Nos. 36, 39). Defendants supported their respective Motions to Dismiss with affidavits attesting to the absence of bases for general jurisdiction, and they further contest Plaintiff's allegations of tortious conduct in Florida.

1

A Joint Scheduling Report was filed, after multiple orders extending the time to do so, on July 30, 2019. The Joint Report represents that the Parties participated in a discovery planning conference as required by Federal Rule of Civil Procedure 26(f) on July 11, 2019 (ECF No. 40). Therein, the Parties asserted that "[e]xcept for jurisdictional discovery," in light of the pending and then anticipated motions to dismiss, "any merits discovery would be premature…." (*Id*. at ¶ 4).[1]

## II.     Discussion

Plaintiff's Motion seeks leave to take jurisdictional discovery or, in the alternative, for an "outright denial" of the Motions to Dismiss.[2] The Eleventh Circuit recognizes a qualified right to take jurisdictional discovery.[3] *See Am. Civil Liberties Union of Fla. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017). The decision to allow jurisdictional discovery is very much a product of timing and nature. *Millennium Industries Network, Inc. v. Hitti*, No. 11-62570-CIV, 2014 WL 324656 at *3 (S.D. Fla. Jan. 28, 2014). Thus, the qualified right is afforded when 1) the movant timely moves for jurisdictional discovery and 2) the information the movant seeks, if it exists, would give rise to jurisdiction. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (distinguishing cases referring to qualified right of jurisdictional discovery because in *Posner,* plaintiff failed to make any discovery requests in the eight months between the time the complaint was filed and the time it was dismissed)(citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d

---

[1] Plaintiff additionally filed a Notice of Filing Stipulated [And Proposed] Confidentiality and Protective Order (ECF No. 44). It is not a Motion, and no protective order has been issued as a result of this Notice. If the Parties seek to have the Court enter their proposed protective order, they must file a motion seeking that relief and indicate good cause for the Court to do so. See Fed. R. Civ. P. 26(c) (stating that a party "may move for a protective order" and that the "court may, for good cause" issue such an order).

[2] Defendants' Motions to Dismiss are not referred to the undersigned and this Order does not dispose of those Motions.

[3] "As one commentator has put it, 'the element of discretion, if any, exists not with respect to whether there will be jurisdictional discovery, but rather only with respect to the form that discovery will take.'" *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 734 n. 7 (11th Cir. 1982) (citing Note, The Use of Discovery to Obtain Jurisdictional Facts, 59 Va.L.Rev. 533, 546–47 (1973)).

727, 729-31 (11th Cir. 1982); *Gleneagle Ship Mgmt. Co. v. Leondakos*, 602 So.2d 1282, 1284 (Fla. 1992)); *See Also RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014) ("Our case law suggests that federal courts should order limited jurisdictional discovery where the information plaintiff seeks, if it exists, would give rise to jurisdiction.).

Plaintiff's Motion, and Defendants' Responses, travels on the assumption that leave for discovery is required. Federal Rule of Civil Procedure 26(d) requires that before any party seeks discovery, the Parties must first participate in a discovery planning conference pursuant to Rule 26(f). They have done so in this case and submitted a Joint Report that expressed agreement to proceed with jurisdictional discovery but not merits discovery. Accordingly, the Parties can proceed to take discovery absent an order staying or limiting discovery.

To the extent the Defendants' position implicitly seeks a stay of all discovery, the Court has balanced the harm caused by delay in discovery against the possibility that if a dispositive motion is granted, the need for discovery would be entirely eliminated. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). On balance, the record favors allowing jurisdictional discovery.

Defendant Lauder contends that courts in this circuit "regularly reject the rubber-stamp approach to requests for jurisdictional discovery" (ECF No. 60 at 2) and cites several cases in support. However, in each of those cases the plaintiff either did not timely move for jurisdictional discovery, or there was no genuine dispute as to a material fact. *See Wolf v. Celebrity Cruises, Inc.*, 683 Fed. Appx. 786, 792 (11th Cir. 2017)(finding no error in grant of motion to dismiss without first allowing jurisdictional discovery, which plaintiff had not separately raised but only mentioned in response to motion to dismiss); *Brown v. Carnival Corp, et al.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016)(declining to grant jurisdictional discovery when there was no genuine dispute as to material facts); *Zamora Radio, LLC v. Last.fm LTD.*, No. 09-20940-CIV, 2011 WL 2580401, at

3

*12 (S.D. Fla. June 28, 2011)(rejecting plaintiff's request for leave to take jurisdictional discovery where the plaintiff made a vague request and did not allege what facts it sought that would lead to jurisdiction).

Similarly, Defendant Costner contends that exercise of jurisdiction over him would exceed constitutional bounds, relying on *McCullough v. Royal Caribbean Cruises*, Ltd., 268 F. Supp. 3d 1336 (S.D. Fla. 2017), appeal dismissed, No. 18-10327-DD, 2018 WL 2047457 (11th Cir. Feb. 21, 2018). Critically, the *Mcullough* Court reached its holding *after* granting sixty-days for jurisdictional discovery. *Mcullough*, 268 F. Supp. 3d at 1342.

Plaintiff's Motion is timely, having been filed just 35 days after Defendant Costner's Motion to Dismiss for Lack of Jurisdiction was filed. *Compare Posner*, F.3d at 1214 n.7 ("Here, no discovery efforts were made in the eight months between the time Plaintiffs filed the complaint and the time it was dismissed") *with Eaton*, 692 F.2d at 730 ("The district judge dismissed this complaint before plaintiffs had been able to complete any discovery at all.").

The analysis thus shifts to whether the information that Plaintiff seeks would establish jurisdiction. Defendant Lauder contends that there is no genuine dispute as to the material facts that would give rise to jurisdiction. Plaintiff has, however, supported his Opposition to the Motion to Dismiss with an Affidavit and facts that, if true, may give rise to jurisdiction. For example, the Parties dispute facts surrounding the alleged conduct in this case and whether the injury was targeted inside the State of Florida. There being a factual dispute between the Parties over grounds that may give rise to personal jurisdiction over the Defendants, the law of this Circuit favors permitting a brief period for taking jurisdictional discovery and supplementation of the record for the Court's consideration on the Motions to Dismiss.

### III. Conclusion

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

Plaintiff's Motion For Leave to Take Jurisdictional Discovery is **GRANTED**. Plaintiff shall have until December 6, 2019 to conduct jurisdictional discovery as to Defendants Lauder and Costner. Plaintiff shall then have until December 16, 2019 to amend its response to Defendants' motions to dismiss for lack of personal jurisdiction. Defendants Lauder and Costner shall then have until December 23, 2019 to file a reply to this amended response.

**DONE** and **ORDERED** in chambers at Miami, Florida this October 7th, 2019.

_____

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE