IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**BRADLEY C. BIRKENFELD**,

      Plaintiff,

v.                                   **Case No: 19-cv-21871-RS**

**LEONARD A. LAUDER;** and,
**KEVIN M. COSTNER**,

      Defendants.

_____ /

### RESPONSE TO KEVIN M. COSTNER'S NOTICE OF PLAINTIFF'S NONCOMPLIANCE AND MOTION FOR SANCTIONS

**NOW COMES** Plaintiff Bradley C. Birkenfeld ("Birkenfeld"), by and through undersigned counsel, and files this Response to Defendant Kevin M. Costner's "Notice of Noncompliance", D.E. 70, and Motion for Sanctions and shows the Court as follows:

1. Plaintiff served his Witness List on October 16, 2019, the same day as Defendant Kevin M. Costner, through counsel, filed the "Notice of Noncompliance". See D.E. 70. By way of explanation, but not excuse, service of Plaintiff's Witness List was delayed by less than one day due to Plaintiff Birkenfeld's European and U.S. travel schedule; and, the time intensive effort to track down as many witness addresses of the European witnesses listed therein as possible to ensure the Witness List was as complete as possible. Undersigned counsel apologizes for this brief delay. The Court is reminded that at Defendants' insistence, discovery on the merits in this cause has been abated and will not likely begin until January 2020, at the earliest.

2. Costner's "Notice" is a frivolous communication to the Court lacking in good faith. The fact that the "Notice of Noncompliance" was filed on the day of Plaintiff's compliance with the Scheduling Order and does not seek relief demonstrates that it is meant to harass rather than obtain relief. Costner and his counsel's continued filing of "Notices" (see also D.E. 57) in lieu of filing

actual Motions that seek relief are vexatious practices. The Court is required to waste resources on these petty, meaningless communiques and Plaintiff is required to likewise expend resources responding to them.  See D.E. 61. The purpose of the "Notice" *sub judice* is transparently to "tattle" on Plaintiff and cause prejudice and otherwise create ill-will. These harassing tactics are wearisome, at best and at worse are deliberately improper communications to advise the Court and waste the Court's time addressing communications that are not countenanced in the Rules of Civil Procedure, specifically Rule 1.  The "Notice of Noncompliance" aims for and achieves the opposite of the stated purpose of the Federal Rules of Civil Procedure set forth in Rule 1: "to secure the just, speedy, and inexpensive determination of every action and proceeding."

3. Plaintiff respectfully requests the Court will instruct Defendant Costner and his counsel to cease their present practice of attempting to continually advise the Court as this litigation's self-appointed "hall monitors" in lieu of filing motions for identified and legitimate relief.

4. To the extent the "Notice of Noncompliance" intends to seek relief and is a motion styled as a "Notice", the Court is advised that Costner and his counsel failed to comply with Local Rule 7.1(a)(3) and thereby subjects the filing party to possible sanctions. Costner and his counsel merely inquired as to when they would receive the Witness List and did not in any manner signal that they would file a motion/notice with the Court. There was no Local Rule 7.1(a)(3) attempt to resolve this matter before precipitously involving the Court. Had Costner and his counsel complied with the Local Rules they would have been advised that the Witness List was being approved by Plaintiff, finalized and would be filed a few hours later.

5. Conversely, Costner was advised via e-mail letter on October 16, 2018, to withdraw his motion/notice, D.E. 70 by noon on Friday, October 18, 2019, or else a motion for sanctions may

be sought. Plaintiff further advised that the communication was to be considered as a consult and confer in accordance with Local Rule 7.1(a)(3). No response was received.

6.     Accordingly, Plaintiff Bradley C. Birkenfeld respectfully requests that this Court award him the fees and costs of this response necessitated by Defendant Kevin M. Costner's failure to comply with Local Rule 7.1(a)(3).

**WHEREFORE** for the foregoing reasons, Plaintiff Bradley C. Birkenfeld prays this Court will grant an award of costs and fees arising from Defendant Kevin M. Costner's filing of the bad faith and frivolous Notice of Noncompliance, D.E. 70, along with such other and further relief as is deemed just and proper.

Respectfully submitted this 25th day of October 2019.

*s/ W. Bruce DelValle*
W. Bruce DelValle
Fla. Bar No: 779962
Bruce Fein (*pro hac vice pending*)
FEIN & DELVALLE PLLC
300 New Jersey Avenue NW, Ste 900
Washington, DC  20001
Telephone: (202) 465-8729
*Email: brucedelvalle@gmail.com*
         *bruce@feinpoints.com*

**Counsel for Plaintiff Bradley C. Birkenfeld.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2019, I electronically filed the foregoing Plaintiff's Response to Defendant Costner's Notice of Noncompliance and Motion for Sanctions in **Case No: 19-cv-21871-RS** with the Clerk of the U.S. District Court for the Southern District of Florida by using the CM/ECF system, which will serve all registered CM/ECF users.

*s/ W. Bruce DelValle*
W. Bruce DelValle
Fla. Bar No: 779962